# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50156
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 19, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAMIRO ORTIZ-HINOJO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-1028-1

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Ramiro Ortiz-Hinojo appeals the 28-month within-guidelines sentence he received following his guilty plea to illegal reentry into the United States after deportation. Ortiz-Hinojo argues that his sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a) because the district court did not consider his mitigation arguments, particularly his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

assertion that his criminal history was overstated due to the impermissible double counting of a previous conviction.

Because Ortiz-Hinojo did not challenge the substantive reasonableness of his sentence in the district court, we review for plain error only. *See United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007). Ortiz-Hinojo's double-counting argument is currently foreclosed by this court's precedent. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Calbat*, 266 F.3d 358, 364 (5th Cir. 2001).

Furthermore, the record reflects that the district court expressly considered the relevant § 3553(a) factors as well as Ortiz-Hinojo's arguments for mitigating his sentence but implicitly overruled those arguments and concluded that a within-guidelines sentence was appropriate. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008). Accordingly, we decline Ortiz-Hinojo's invitation to reweigh the § 3553(a) factors because "the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Ortiz-Hinojo's general disagreement with the propriety of his sentence and the district court's weighing of the § 3553(a) factors is insufficient to rebut the presumption of reasonableness that attaches to his within-guidelines sentence. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010); *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 766 (5th Cir. 2008).

Because Ortiz-Hinojo has not demonstrated error, plain or otherwise, in the imposition of his within-guidelines 28-month prison term, the judgment of the district court is AFFIRMED. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *Peltier*, 505 F.3d at 392.